# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| HORACE TEMPLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-105 |
| | ) | |
| WARDEN PHILIP HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Horace Temple seeks relief from a state-court judgment under 28 U.S.C § 2254. Doc. 1. After preliminary review of his petition, this Court ordered Warden Philip Hall to respond. Doc. 3. Hall now moves to dismiss Temple's petition as untimely. Doc. 7.

Absent here-inapplicable exceptions, a prisoner in custody pursuant to a state-court judgment must file a federal habeas petition within one year of the date the judgment becomes "final," *i.e.*, when direct review ends or the period for seeking further review ends. *See* 28 U.S.C. § 2244(d). The Georgia Court of Appeals affirmed Temple's conviction on March 22, 2013. *Temple v. State*, 320 Ga. App. 721, 721, 740 S.E.2d 669

1

(2013). The direct-review period expired 10 days later.[1] *See* Doc. 7-1 at 3-4; Ga. Ct. App. R. 37(b) (allowing 10 days from judgment to file motion for reconsideration), 38(a)(1)-(2) (allowing 10 days from judgment or disposition of motion for reconsideration, if any, to file notice of intention to petition for writ of certiorari to the Supreme Court of Georgia); Ga. Sup. Ct. R. 38(1) (requiring filing of notice of intention to apply for certiorari within 10 days after entry of judgment or disposition of motion for reconsideration, if any). The judgment became final, therefore, on April 1, 2013.

Pending collateral review of a judgment tolls the one-year clock for seeking federal habeas relief. 28 U.S.C. § 2244(d)(2). Temple filed a state habeas petition on February 24, 2014.[2] Doc. 7-1 at 4; doc. 8-2 at 1.

---

[1] Temple asserts both that he filed a timely motion for reconsideration and that he did not. *Compare* doc. 10 at 3 ("Petitioner immediately filed a general motion for reconsideration on *3-26-2013*, after learning of Appeals Court of GA ruling, within 'TEN' days after their decision [sic]."); *with id.* at 2 ("Petitioner didn't file for rehearing or seek further review at appeals court [sic]."). There is no record of any motion for reconsideration on the Court of Appeals' docket, and Hall asserts that Temple did not seek further review, doc. 7-1 at 4. Given Temple's inconsistency, and the absence of any evidence of a motion for reconsideration, the judgment became final after the direct-review period expired.

[2] Calculating timeliness under § 2244(d) depends on the dates that the relevant documents were filed. Federal courts, as discussed below, *see infra* at note 3, follow the "mailbox rule," which determines the date of a *pro se* prisoner's filing by the date he delivers it to prison officials for mailing. Georgia follows a hybrid rule, under which an initial habeas petition is filed on the date that it is stamped "filed" by the

The state habeas case was pending until the Georgia Supreme Court issued the remittitur for the denial of his petition on February 10, 2016. *See* doc. 8-7; *Dolphy v. Warden, Cent. State Prison*, 823 F. 3d 1342, 1345 (11th Cir. 2016) (collateral proceeding remains pending until the Georgia Supreme Court "issues the remittitur for the denial"). The federal habeas clock was tolled, therefore, between February 24, 2014 and February 10, 2016.

Though the one-year clock was tolled by his state habeas case, Temple's petition is still untimely. The judgment against him was final on April 1, 2013. Once the judgment is final, the one-year clock runs so long as no collateral proceeding is pending. *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014), *adopted* 2014 WL 297680 (S.D. Ga. Jan. 27, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.") (citing *Kearse v. Sec'y, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *see also Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012)). Sitting on a claim and creating gaps between

---

court clerk, but appeals from an adverse state habeas ruling are governed by the mailbox rule. *Roberts v. Cooper*, 286 Ga. 657, 660-1 (2010); *Lewis v. Howerton*, 2012 WL 450144 at * 2 n. 3 (N.D. Ga. Sept. 30, 2012). The date that the clerk stamped Temple's state petition "filed" thus controls.

3

proceedings can prove fatal. *Nesbitt*, 2014 WL 61236 at * 1. That's what happened here. As 329 days passed before Temple filed his state habeas petition, he had only 36 days left on the clock. Temple filed his petition in this Court on April 28, 2016[3] -- 78 days after the collateral proceeding concluded, and 42 days after the clock ran out.

An untimely petition may avoid dismissal if the petitioner demonstrates that he is entitled to equitable tolling of the one-year period. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only if the petitioner was diligent in pursuing his rights and was prevented from timely filing by an "extraordinary circumstance."

---

[3] Under the prison "mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date he delivers it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). There is a presumption that the prisoner delivered the document to officials on the date he signed it. *See Washington v. U.S.*, 243 F.3d 1299, 1301 (11th Cir. 2001). Temple did not date his petition. Doc. 1 at 14. In similar circumstances, this Court has relied on the postmark date. *See Haggins v. Jackson*, 2010 WL 1956546 at * 1 (S.D. Ga. April 15, 2010), *adopted* 2010 WL 1956545 (S.D. Ga. May 13, 2010). However, the docket does not include an image of the envelope Temple sent his petition in. *See* doc. 1.

Temple also moved this Court for leave to proceed *in forma pauperis* (IFP). Doc. 2. Both the petition and the IFP motion were filed on May 9, 2016. *Compare* Doc. 1, *with* doc. 2. It is possible that both the petition and the motion were sent in the same envelope, and delivered for mailing on the same day. The docket does include an image of the envelope the motion was sent in, but the postmark date is illegible. Doc. 2 at 4. Temple signed his IFP motion on April 28, 2016. Doc. 2 at 3. Given the difficulty in determining the proper filing date for the petition under the "mailbox rule," and because there is no reason to think that Temple signed his petition any earlier than April 28, 2016, the Court gives him the benefit of the doubt and treats that as the petition's filing date.

*Id.* at 649. It is an "extraordinary remedy, which is typically applied sparingly." *Rodriguez v. Sec'y, Fla. Dept. of Corrs.*, 631 F. App'x 735, 736 (11th Cir. 2015) (quotation marks and cite omitted). The petitioner bears the burden of establishing that equitable tolling applies. *Id.* at 737.

Temple is not entitled to equitable tolling. He states that he has pursued his rights diligently but never explains the 11-month gap between the conclusion of his direct appeal and his state habeas petition. Doc. 10 at 2-4. Such an unexplained gap shows a lack of diligence, precluding equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1270 (11th Cir. 2011) (unexplained gap of 349 days between final judgment and collateral proceeding showed petitioner was not diligent); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence").

Even if Temple had been diligent, however, he also fails to show any extraordinary circumstance prevented him from meeting the filing deadline. His only explanation for failing to pursue his direct appeal is that he didn't know that he could appeal. Doc. 10 at 4 ("Appellate

counsel nor Court of Appeals . . . had not informed Petitioner about (right) [sic] to appeal for reconsideration nor rehearing . . . ."). Neither lack of procedural knowledge, see *Perez*, 519 F. App'x at 997 ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion"), nor any misstep by appellate counsel, see, e.g., *Lawrence v. Florida*, 549 U.S. 327, 336-7 (2007) (attorney mistake in calculating filing deadline "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) ("[A]ttorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."), constitutes an "extraordinary circumstance" warranting tolling. Temple doesn't explain the 78-day gap between the conclusion of his state habeas proceeding and filing federal petition at all. *See* doc. 10 at 2-5. Since no extraordinary circumstance intervened, his equitable tolling argument fails -- whether he was diligent or not.

Accordingly, Hall's motion to dismiss (doc. 7) should be GRANTED and Temple's § 2254 petition should be DISMISSED as untimely.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written Fed. R. Civ. P. 72(b)(2) Objections to this R&R and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the Rule 72(b)(2) Objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that their failure to timely file Objections will result in the waiver of certain rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App's 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>4th</u> day of November, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA